IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GLORIA MORRIS | ) |
| | ) |
| v. | ) NO: 3:23-cv-00642 |
| | ) |
| SERVICE EXPERTS HEATING AND | ) |
| AIR CONDITIONING, LLC | ) |

**TO:** Honorable Aleta A. Trauger, United States District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered September 23, 2025 (Docket Entry No. 53), this *pro se* case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 42) filed by Defendant Service Experts Heating and Air Conditioning LLC. For the reasons set out below, the undersigned respectfully recommends that the motion be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Gloria Morris ("Morris" or "Plaintiff") is a retired widow who resides in Nashville, Tennessee. In May 2020, she entered into a contract with Service Experts Heating and Air Conditioning LLC ("Service Experts" or "Defendant") to have a new HVAC unit installed in her condominium. Plaintiff alleges that Defendant represented to her that the HVAC unit was suitable for her condominium and that it would safely heat and cool her residence. However, Plaintiff alleges that the unit was actually too large for the size of her small condominium and that it did not function properly, leading to excessive humidity in the condominium and a resulting growth of mold in the

condominium. Plaintiff alleges that the mold damaged both the condominium and her personal property. She also alleges that she require medical attention for health problems that she attributes to presence of mold spores in her condominium.

After eventually discovering the nature and extent of the problem, Plaintiff, who was represented by counsel at the time, initiated this lawsuit against Defendant in the Circuit Court for Davidson County, Tennessee in May 2023, seeking damages based on claims of negligence, negligent misrepresentation, breach of express warranty, breach of implied warranty, breach of contract, and gross negligence. *See* Complaint (Docket Entry No. 1-1). On June 23, 2023, Defendant removed the case to this court on the basis of diversity jurisdiction, *see* Notice of Removal (Docket Entry No. 1), and filed an answer the same day. Defendant thereafter filed an amended answer and counterclaim against Plaintiff, raising a breach of contract claim against Plaintiff based on the allegation that Plaintiff stopped making payments on the contract for the installation of the HVAC unit. *See* Docket Entry No. 21. Defendant denies any wrongdoing and asserts that the HVAC unit was appropriately sized for the condominium.

Defendant's early motion to compel arbitration was denied, *see* Order entered December 21, 2023 (Docket Entry No. 20), and the case proceeded to case management. *See* Order entered July 15, 2024 (Docket Entry No. 30). Plaintiff's counsel was permitted to withdraw from the case on April 7, 2025, and a mediation in the case thus did not occur. *See* Order (Docket Entry No. 38) and Report of Mediation (Docket Entry No. 39). Defendant thereafter timely filed its pending motion for summary judgment on June 9, 2025. Plaintiff's request for the appointment of counsel was denied, but she was given additional time to secure new counsel and an extension of time to August 29, 2025, to respond to the motion for summary judgment. *See* Order entered June 25, 2025 (Docket Entry No. 48).

Plaintiff has not retained replacement counsel but has made a series of *pro se* filings in the case, three of which appear to be made in response to the motion for summary judgment. *See* Docket Entry Nos. 50, 52, and 54. Defendant has not filed a reply to any of these filings. A jury trial was set in the case but has been reserved by the Court pending resolution of the motion for summary judgment. *See* Order entered January 6, 2026 (Docket Entry No. 55). There are no other motions pending in the case.

## II. MOTION FOR SUMMARY JUDGMENT

Defendant moves under Rule 56 of the Federal Rules of Civil Procedure for summary judgment on all claims by Plaintiff, as well as on its counter-claim against Plaintiff. In support of its motion, Defendant relies on: (1) Plaintiff's responses to Defendant's written interrogatories (Docket Entry No. 43-1); (2) excerpts from Plaintiff's deposition testimony (Docket Entry No. 43-2); (3) excerpts from the deposition testimony of Dr. David Rose (Docket Entry No. 43-3); (4) the expert report of Samuel Caruthers-Thorne, P.E. (Docket Entry No. 43-4);[1] and, (5) the declarations of one of Defendant's employees, Lucette Pale (Docket Entry No. 43-5), and one of Defendant's attorneys, Jonathan Casel (Docket Entry No. 43-6). In accordance with Local Rule 56.01(c), Defendant has filed a statement of undisputed material facts ("SUMF"). *See* Docket Entry No. 44.

The crux of Defendant's motion is that Plaintiff does not have sufficient evidence to support her claims and to require that this case proceed to a trial. Defendant asserts that it took Plaintiff's deposition and that her deposition testimony shows that her allegations that the HVAC unit was improperly sized and caused mold growth in her residence are allegations that are based on only her own speculation and opinion as a layperson and on what others told her. Defendant points out that

---

[1] The Court notes that although Defendant's attachment refers to the expert report of Mr. Caruthers-Thorne, the report itself is not attached to the motion and is not otherwise a part of the record that is before the Court.

Plaintiff has not identified and disclosed any expert witnesses and expert reports, as she was required to do by the March 28, 2025, deadline set out in the case management order. *See* Docket Entry No. 30 at 3. Defendant argues that Plaintiff lacks necessary expert opinion evidence about: 1) the appropriateness of the HVAC unit for the size of Plaintiff's condominium; 2) whether the HVAC unit functioned correctly; and, 3) whether the HVAC unit was the source of moisture and mold that was present in the condominium.

Defendant further asserts that Plaintiff lacks necessary expert opinion evidence as to the cause of her health problems and whether they were caused by exposure to mold, as opposed to being caused by Plaintiff's long history of smoking and documented health problems of COPD and emphysema. Given this lack of expert evidence, Defendant argues that Plaintiff cannot prove the elements of her claims or satisfy the causation requirements for damages. Defendant also asserts that Plaintiff does not have evidence that rebuts Defendant's own expert evidence that the HVAC unit was properly sized and appropriate for Plaintiff's condominium and that rebuts the deposition testimony of Dr. Rose, a pulmonologist who examined Plaintiff and who testified that he did not find any objective evidence that mold in Plaintiff residence contributed to or caused any of her pulmonary conditions.

With respect to its counter-claim against Plaintiff for breach of contract, Defendant argues that the undisputed evidence shows that Plaintiff entered into a contract for purchase and installation of the HVAC unit that required her to make monthly payments but that she stopped making payments in September 2022, resulting in a contractual breach and damages in the amount of $10,187,71.

The Court gave Plaintiff a deadline of August 29, 2025, to respond to the motion for summary judgment. *See* Docket Entry No. 48. Prior to the deadline, Plaintiff made two *pro se*

filings that are not styled as responses to the motion but that appear to be directed at Defendant's motion. On June 26, 2025, Plaintiff filed a "Notice," in which she states:

> after my a/c was not cooling home and noticed mold plaster ceiling fell to floor – HOA came to my condo and adjusted A/C and controls – please see statement dated August 17, 2022. My ceiling was wet from ceiling vent to plaster areas and on floor.

*See* Docket Entry No. 50 at 1-2. Attached to the notice is an invoice from Adams Heating/Cooling/Plumbing, dated August 17, 2022, for service work to the HVAC unit, which states that the unit was over charged with refrigerant. *Id*. at 5. On August 18, 2025, Plaintiff filed another "Notice," in which she states "Please see pictures of damage done to my home + at my home." *See* Docket Entry No. 52. Attached to notice are: (1) pictures purporting to show mold on her shoes and in her house, *see* Docket Entry No. 52-1 at 1; (2) a copy of a letter from her home insurance carrier denying coverage on her claim for damage to her home for the stated reason that an inspection directed by the carrier concluded that the HVAC unit was too large, was overcharged, and was blowing condensation into the living space, *see* Docket Entry No. 52-2 at 1 and 9; (3) a copy of a structural environmental inspection report from the Mold Test Company, dated November 14, 2022, pertaining to mold found in her condominium, *id*. at 2-8; and, (4) four pages of documents pertaining to her health care. *Id.* 10-13.

After these two filings and after the deadline for her response, Plaintiff filed an "update" on December 12, 2025, stating "updates on moisture on formaldehyde wooden floors = ? outcome." *See* Docket Entry No. 54. Attached to the filing are an unsworn statement from Plaintiff, a copy of an internet printout about formaldehyde, copies of several pages of her medical records, and a copy of the Order that previously set this case for trial. *Id.* at 2-12. Because this filing from Plaintiff was made well after the deadline for her response to the motion for summary judgment, the Court has not considered the filing or the attachments in reviewing the motion.

# III. STANDARD OF REVIEW[2]

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the non-moving party's case." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) (citation and quotations omitted). "In response, the nonmoving party must present 'significant probative evidence' that will reveal that there is more than 'some metaphysical doubt as to the material facts.'" *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017) (quoting *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993)). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir.

---

[2] Although this case is brought under diversity jurisdiction, federal procedural rules and standards for summary judgment apply. *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009); *Hari & Assocs. v. RNBC, Inc.*, 946 F.Supp. 531, 535 (M.D. Tenn. 1996).

2003) (*quoting Anderson*, 477 U.S. at 252). In the end, there must be evidence on which a trier of fact could reasonably find for the non-moving party. *Rodgers*, 344 F.3d at 595.

In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson*, 477 U.S. at 249.

### IV. CONCLUSIONS

A. Tennessee Law for the Claims at Issue[3]

The party seeking damages in a case has the burden of proving them. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999).

A negligence claim requires proof of the following: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause-in-fact; and (5) proximate or legal cause. *West v. E. Tennessee Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005). For gross negligence, a plaintiff must establish negligence and also prove that the act was "done with utter unconcern for the safety of others, or one done with such a reckless disregard for the rights of others that a conscious indifference to consequences is implied in law." *Ruff v. Memphis Light, Gas, and Water Div.*, 619 S.W.2d 526, 528 (Tenn. Ct. App. 1981) (quoting *Odum v. Haynes*, 494 S.W.2d 795, 807 (Tenn. Ct. App. 1972)).

---

[3] Because the case is brought under federal diversity jurisdiction, the Court applies the substantive law of Tennessee. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Neither party argues otherwise.

7

A claim for negligent misrepresentation requires plaintiff to show: (1) the defendant is acting in the course of his business, profession, or employment or is in a transaction in which he has a pecuniary (as opposed to gratuitous) interest; (2) the defendant supplies faulty information meant to guide others in their business transaction; (3) the defendant fails to exercise reasonable care in obtaining or communicating the information; and, (4) the plaintiff justifiably relies upon the information. *John Martin Co., Inc. v. Morse/Diesel, Inc.*, 819 S.W.2d 428, 431 (Tenn. 1991).

A breach of contract claims requires proof of: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of the contract; and, (3) damages caused by the breach of contract. *BancorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 228 (Tenn. Ct. App. 2006). A claim that an express warranty existed and was breached requires the plaintiff to show that the seller made an affirmation of fact which has a tendency to induce the buyer to purchase the goods, that the buyer was induced by the seller's acts, and that the affirmation of fact was false regardless of the seller's knowledge of the falsity or intention to create a warranty. *H.B.H. Enters., Inc. v. Cates*, 1997 WL 76804, at *2 (Tenn. Ct. App. Feb. 25, 1997). A claim that an implied warranty existed and was breached requires the plaintiff to show that: (1) the seller knew that the buyer had a particular purpose for which the goods were required; (2) the seller knew that the buyer was relying on the seller's skill or judgment to provide the buyer with goods fit for that particular purpose; and (3) the buyer must have actually relied on the seller's skill or judgment. *Jet Printing, LLC v. Deep S. Wholesale Paper Co.*, 2003 WL 152644, at *4 (Tenn. Ct. App. Jan. 23, 2003). A breach of warranty claim further requires the plaintiff to show that the breach was the proximate cause of the loss or damage alleged by the plaintiff. *Smith v. TimberPro Inc.*, 2019 WL 238113, at *5 (Tenn. Ct. App. Jan. 17, 2019); *Turner v. Shoney's, Inc.*, 1990 WL 198933, at *2 (Tenn. Ct. App. Dec. 12, 1990).

B. Analysis of Defendant's Summary Judgement Motion as to Plaintiff's Claims

The Court is not unsympathetic to the daunting task faced by Plaintiff in responding to the motion for summary judgment without the benefit of counsel. Thus, the Court views her filings less stringently than those drafted by lawyers. *See, e.g., Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Nonetheless, the leniency afforded to *pro se* litigants has limits, and *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g., Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, *pro se* plaintiffs "are not automatically entitled to take every case to trial," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and proceeding *pro se* does not shield a plaintiff's claims from serious scrutiny at the later stages of a case, such as at the summary judgment stage. *Johnson v. Stewart*, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010); *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788-89 (6th Cir. 2005). Ordinary civil litigants that proceed *pro se* are simply not entitled to special treatment, including assistance with responding to dispositive motions. *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). In the end, although Plaintiff has attempted to respond to Defendant's motion, her response suffers from significant shortcomings that cannot be disregarded simply because she is proceeding *pro se*.

First, Plaintiff's filings, even when liberally construed as a response to the motion for summary judgment, offer only a minimal and cursory response to Defendant's motion. Plaintiff's response does not actually point out the existence of genuine issues of material fact, address the merits of her legal claims, or set forth any legal arguments, let alone any legal arguments that are responsive to Defendant's summary judgment motion. While the Court does not expect a *pro se* litigant to set forth the type of legal analysis that would be expected from an attorney, the Court's role is not to make legal arguments on behalf of Plaintiff or to create a response to the motion on her

9

behalf. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion."). Thus, the Court cannot create legal arguments against summary judgment when those arguments are not actually made by Plaintiff.

Second, Plaintiff has failed to respond in any manner to Defendant's SUMF as is required by Local Rule 56.01(e). In the absence of a timely response, Local Rule 56.01(f) provides that the facts asserted in the moving party's SUMF shall be deemed undisputed for the purposes of summary judgment. Thus, to the extent that statements of facts asserted in Defendant's SUMF are supported by the record, the Court is permitted to rely upon those statements of fact as undisputed.[4]

Finally, in its motion, Defendant has identified portions of the record that it believes demonstrate the absence of a genuine dispute over material facts, pointing specifically to Plaintiff's deposition testimony that she has little to offer in support of her claims other than her own opinion or what she has been told by others. Defendant also points out that there is a lack of expert testimony from Plaintiff on material issues such as the functionality and appropriateness of the HVAC unit, the causes of mold in her residence, and the causes of her medical issues. Defendant further points out that Plaintiff's negligent misrepresentation claim is based upon vague and non-specific allegations about what specifically was said to her, by whom, and when. The Court finds that Defendant has satisfied its initial burden as the party moving for summary judgment.

In the face of Defendant's motion and the specific identification by Defendant of the lack of evidence supporting Plaintiff's claims, it falls upon Plaintiff to set forth significant probative

---

[4] However, Defendant's statements of fact that rely upon only the expert report of Caruthers-Thorne cannot be deemed to be undisputed since those statements are not supported by evidence that is in the record before the Court.

evidence in support of her claims. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). As the party carrying the ultimate burden of proof for her claims at trial, Plaintiff must show that she has evidence, which if believed, is sufficient to support her claims and to enable a reasonable jury to find in favor of her on her claims. *Rodgers*, 344 F.3d at 595. Conclusory allegations, speculation, and unsubstantiated assertions are not evidence and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

Plaintiff has not met this burden. While Plaintiff certainly may testify about matters of which she has personal knowledge, such as what happened in her residence and her interactions with Defendant and others, her testimony alone would not be sufficient to support her claims. In the absence of some type of technical evidence about the functionality and appropriateness of the HVAC unit, she cannot succeed in showing that the HVAC unit was not appropriate for her residence, that it did not function properly, or that it caused moisture and mold to build-up in her residence. Plaintiff has not identified any expert testimony pertaining to these matters.[5] The only evidence actually presented by Plaintiff on these matters are copies two documents that reference the HVAC unit being overcharged or too large for her residence. *See* Docket Entry No. 50 at 5, and Docket Entry No. 52-2. However, these documents are not buttressed by declarations, affidavits, or deposition testimony from the individuals who created the documents. Nor has Plaintiff shown how these documents would otherwise be presented in an admissible form at trial. Thus, the Court cannot consider these documents in the stance of opposing the motion for summary judgment. There is simply no indication from Plaintiff that she has anyone who will testify at trial in support of her claims or that

---

[5] Had the issue been only whether or not the HVAC unit functioned at all, there would not have been a need for expert testimony since a layperson would be competent to testify as to this basic fact. However, questions pertaining to the proper sizing of HVAC units, the proper size of the HVAC unit installed Plaintiff's residence, and the consequences of improper sizing of HVAC units are matters beyond the common knowledge of laymen and that require some type of expert,

she has evidence supporting her claims that would be admissible at trial. Additionally, as pointed out by Defendant in its motion, her own deposition testimony about the HVAC unit is based upon speculation and what she was told by others. However, speculation by Plaintiff is not evidence, and what Plaintiff was told by others about the HVAC unit is inadmissible hearsay to the extent that those out of court statements are offered as proof that the HVAC unit was in fact too large for her residence or overcharged, Plaintiff has also not pointed out any deposition testimony or other written discovery from Defendant that is probative of these issues and that would tend to support her claims if believed by the jury.

The same holds true for evidence related to her health problems. While she is competent to testify about these problems, how they impacted her, when they began, how they were treated, and other similar matters, she is not competent to testify as to a medical diagnosis or to provide an expert medical opinion as to what caused these health problems. Under Tennessee law, "as a general rule, the causation of a medical condition must be established by testimony from a medical expert." *Miller v. Choo Choo Partners, L.P.*, 73 S.W.3d 897, 901 (Tenn. Ct. App.2001) (citing *Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991)). Further, to recover for the cost of medical expenses, competent expert testimony is necessary in all but the most obvious and routine cases. *See Dedmon v. Steelman*, 535 S.W.3d 431, 438 (Tenn. 2017).

At best, Plaintiff has shown that she has only minimal evidence to present at trial in support of her claims. However, a mere scintilla of evidence is insufficient to create a material question of fact and defeat a motion for summary judgment. *CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 340 (6th Cir. 2011). While the Court recognizes that the lack of counsel is likely a primary cause of her failure to provide a convincing response to the motion for summary judgment, the Court can

---

technical evidence. *See Whaley v. Rheem Mfg. Co.*, 900 S.W.2d 296, 301 (Tenn. Ct. App. 1995).

12

Case 3:23-cv-00642   Document 56   Filed 01/28/26   Page 12 of 14 PageID #: 345

only consider the actual response to the motion that has been filed, and Plaintiff's response is simply not sufficient to show that genuine issues of material fact exist on her claims and that this case must proceed to trial on the claims.

C. Analysis of Defendant's Summary Judgement Motion as to Defendant's Counterclaim

Defendant has set forth evidence in support of its breach of contract counterclaim, showing the existence of an enforceable contract to install the HVAC unit, Plaintiff's failure to continue to make payments after the HVAC unit was installed, and resulting damages to Defendant. *See* Declaration of Lucette Pale. This evidence is not disputed by Plaintiff, and she has likewise not set out a legal defense to the breach of contract counterclaim that is supported by a legal argument and an evidentiary basis. Given Defendant's undisputed evidence and the lack of a defense by Plaintiff, Defendant is entitled to damages in the requested amount of $10,187.71

## RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that the motion for summary judgment (Docket Entry No. 42) filed by Defendant Service Experts Heating and Air Conditioning LLC be **GRANTED**. Defendant is entitled to summary judgment in its favor on Plaintiff's claims. Defendant is further entitled to summary judgment in its favor of Defendant's breach of contract counter claim and to damages in the amount of $10,187.71.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

**Signed By:**
***J. Gregory Wehrman***
**United States Magistrate Judge**